UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                                  Case No. 25-cr-20842

v.

                                  Hon. Mark A. Goldsmith

D-1 Mohmed Ali,
D-2 Majed Mahmoud,
D-3 Ayob Nasser,

         Defendants.
_____/

**STIPULATION TO CONTINUE TRIAL AND
OTHER DEADLINES, DESIGNATE THE CASE
AS A COMPLEX CASE PURSUANT TO THE
SPEEDY TRIAL ACT, AND FIND EXCLUDABLE DELAY**

     The parties stipulate to continue trial in this case until at least August 10, 2026, and to continue other deadlines pursuant to 18 U.S.C. § 3161(h)(7)(A), as set forth below. The parties further stipulate, and jointly move for the Court to find, that the time period until the proposed stipulated trial date of August 10, 2026, qualifies as excludable delay under 18 U.S.C. § 3161(h)(7) because the ends of justice served by the granting of this continuance outweigh the best interests of the public and the Defendants in a speedy trial. As part of the Court's finding, the parties respectfully request that the Court

1

designate the case as a complex case pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), since this case is unusual and complex due to the nature of the prosecution and other factors set forth herein, and since it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limit otherwise established by the Speedy Trial Act, 18 U.S.C. § 3161.

## I.     Background

On October 31, 2025, Defendants Mohmed Ali ("Ali") and Majed Mahmoud ("Mahmoud") were arrested and on November 1, 2025, both were charged in a criminal complaint alleging violations of 18 U.S.C. § 924(h). On November 5, 2025, the Government filed an amended criminal complaint charging Ali, Mahmoud, and Ayob Nasser ("Nasser") with violations of 18 U.S.C. §§ 924(h) and 2339B. The Defendants all waived their right to a detention hearing and consented to remain in detention on November 10, 2025. *See* ECF Nos. 33 (Ali), 34 (Nasser), 35 (Mahmoud).

On November 12, 2025, Ali, Mahmoud, and Nasser were indicted with one count of conspiring to provide material support and resources to a designated foreign terrorist organization, namely ISIS, in violation

of 18 U.S.C. § 2339B (Count One), and one count of conspiring to receive and transfer firearms and ammunition knowing and having reasonable cause to believe that the firearms and ammunition would be used to commit a Federal crime of terrorism, in violation of 18 U.S.C. § 924(h) (Count Two). The Defendants were arraigned on November 17, 2025.

On November 6, 2025, the Government filed a Notice of Intent to Use Foreign Intelligence Act ("FISA") Information (ECF No. 24), and on November 17, 2025, Nasser filed a Motion to Disclose and Suppress FISA Materials (ECF No. 39), which Ali moved to join on November 19, 2025 (ECF No. 49), and which Mahmoud moved to join on November 20, 2025 (ECF No. 50). The Court approved the parties' stipulated order for sufficient time, until April 6, 2026, for the Government to respond to the Defendants' FISA-related motion, a response which will include certain classified documents for the Court's *in camera, ex parte* review. ECF No. 55. The time between the Defendants' filing of the FISA-related motion and the Court's disposition of that motion are excluded from the time limits set forth in the Speedy Trial Act. *See* ECF No. 55, PageID.257-58; 18 U.S.C. § 3161(h)(1)(D).

The Government and the Defendants have also entered into a stipulated protective order to address discovery, which includes declassified but sensitive information. ECF No. 57.

On December 1, 2025, the Court entered a scheduling order setting trial for January 20, 2026; the final pretrial conference for January 5, 2026; the plea hearing/cut-off deadline for January 5, 2026; and a motions deadline of December 8, 2025. ECF No. 54.

On December 4, 2025, the Government filed a Notice Pursuant to 18 U.S.C. App. III (the Classified Information Procedures Act or "CIPA") to apprise the Court of CIPA's applicability to matters relating to classified information that may arise in connection with the case, both before and during trial. ECF No. 58. The motion also requested that the Court designate a Classified Information Security Officer ("CISO") to assist the Court (and court personnel) in the handling of any motions, pleadings, and orders related to classified information at issue in this prosecution.

The charges in this case resulted from an investigation by the Federal Bureau of Investigation ("FBI") that spanned over months and involved the Defendants and a number of co-conspirators and

associates. The Government's evidence in this case is complex and voluminous, and includes, among other things:

    a) Evidence seized from numerous court-authorized search warrants, including for the Defendants' and their co-conspirators' homes, persons, vehicles, and online account information, and for a variety of electronic devices, including cellular telephones, computers, and other storage media. The electronic storage materials are voluminous.

    b) Records of meetings and communications between the Defendants or their other co-conspirators and certain FBI undercover personnel, such as Confidential Human Sources ("CHS"), Undercover Employees ("UCE"), and/or Online Covert Employees ("OCE"). The actual image, cover name, identifier, and/or online account name of any CHS, UCE, or OCE (or any other information that could lead to the identification of a CHS, UCE, or OCE) remains classified and is highly sensitive and will need to be pixilated and modulated in any unclassified format that will be produced to protect the identity of these individuals.

5

    c) Numerous reports, some of which involve national security information requiring redaction. This includes voluminous texts, writings, audio recordings, and other materials, which include statements and other material in the Arabic language.

    d) Potential expert witness testimony relating to, among other things, ISIS, ISIS propaganda, and firearms and ammunition.

    e) Recordings and other records of the Defendants' and others' interviews by law enforcement.

## II. Excludable Delay and Complex Case Designation Under the Speedy Trial Act

The Speedy Trial Act permits the Court to continue the trial date if the Court finds that the ends of justice served by a continuance outweigh the best interests of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A).

Additionally, pursuant to § 3161(h)(7)(B)(ii), a continuance is warranted if the Court finds that "the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to

expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(7)(B)(ii).

The parties submit that this case is a complex case within the meaning of § 3161(h)(7)(B)(ii) due to the nature of the prosecution and complexity of the anticipated litigation, including related delay associated with the review of classified information and anticipated motions filed pursuant to Section 4 of CIPA and in response to the Defendants' motion to disclose and suppress FISA materials, the need for expert witnesses to review the evidence, the time needed to review and translate certain Arabic-language materials, and the time needed to review a large volume of discovery materials. Therefore, it is unreasonable to expect adequate preparation for pre-trial proceedings and trial within the time limits of the Speedy Trial Act.

In addition, § 3161(h)(7)(B)(iv) provides that even if the case, "taken as a whole, is not so unusual or so complex," to fall within § 3161(h)(7)(B)(ii), then the Court may allow a continuance if the failure to grant a continuance "would deny counsel for the defendant or the

7

attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

The parties submit that the time limit set forth in the Speedy Trial Act will not allow for the reasonable time necessary for effective preparation, and that such pretrial preparation will substantially shorten the time necessary for trial, serving the interests of judicial economy. Moreover, due to the complexity of this case, continuing trial and other associated dates outside of the time limit set forth in the Speedy Trial Act will serve the ends of justice and will outweigh the interests of the public and the Defendants in a speedy trial. As the parties previously stipulated and the Court approved with respect to the Defendants' FISA-related motion, the ordinary time limit set forth in the Speedy Trial Act does not provide sufficient time for the parties and the Court to address that motion.

Accordingly, the parties respectfully request that the Court set trial to commence on or after August 10, 2026, and set the following stipulated pretrial deadlines:

- Government's FISA Response Deadline – April 6, 2026 (approved by the Court in ECF No. 55)

- Government's CIPA Section 4 Motion Deadline – May 4, 2026
- Deadline for Other Pretrial Motions – June 1, 2026
- Plea Cut-Off – June 29, 2026
- Final Pretrial Conference – July 24, 2026 (dependent on the Court's availability)
- *Motion-in-Limine* Deadline – June 29, 2026

Counsel for the Government and for the Defendants are currently available on the dates for trial and the final pretrial conference set forth above.

The parties also respectfully request that the Court find excludable delay through the parties' stipulated proposed trial date of August 10, 2026, and issue an Order that designates this matter a complex case under 18 U.S.C. § 3161(h)(7)(B)(ii) based on a finding that a failure to grant a continuance beyond the time limits set forth in the Speedy Trial Act would deny the parties reasonable time necessary for effective pretrial preparation.

IT IS SO STIPULATED.

/

/

9

Respectfully submitted,

*s/Hank Moon*
Hank Moon
Erin L. Ramamurthy
Douglas C. Salzenstein
Assistant United States Attorneys
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-0220
Hank.Moon@usdoj.gov

John Cella
Patrick Cashman
Trial Attorneys
National Security Division
Counterterrorism Section
950 Pennsylvania Ave NW
Washington, DC 20530
Telephone: (202) 305-1601
E-mail: John.Cella@usdoj.gov

*s/Amir Makled  (w/consent)*
Amir I. Makled
Attorney for Mohmed Ali
Hall Makled, P.C.
23950 Princeton St.
Dearborn, MI 48124
(313) 788-8888
amakled@hallmakled.com

*s/William Swor (w/consent)*
William W. Swor
Attorney for Majed Mahmoud
500 Griswold Street
Suite 2450
Detroit, MI 48226
(313) 967-0200
wwswor@wwnet.net

*s/James Thomas (w/consent)*
James C. Thomas
Attorney for Ayob Nasser
12900 Hall Road, Suite 350
Sterling Heights, MI 48313
(586) 726-1000
Email: jthomas@orlaw.com

Dated: December 10, 2025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

v.

D-1 Mohmed Ali,
D-2 Majed Mahmoud,
D-3 Ayob Nasser,

       Defendants.
_____/

Case No. 25-cr-20842

Hon. Mark A. Goldsmith

**ORDER CONTINUING TRIAL AND
OTHER DEADLINES, DESIGNATING THE CASE
AS A COMPLEX CASE, AND FINDING EXCLUDABLE DELAY**

The Court has considered the parties' stipulation and joint motion to continue the trial date and other deadlines, and for a finding that the time period until the new trial date, qualifies as excludable delay under 18 U.S.C. § 3161(h)(7) because the ends of justice served by the granting of this continuance outweigh the best interests of the public and the Defendants in a speedy trial. For the reasons described in the parties' submission, and after considering the factors listed in 18 U.S.C. § 3161(h)(7)(B), the Court finds that the ends of justice served by

1

granting the parties' requested continuance outweigh the best interests of the public and the Defendants in a speedy trial and that the time until August 5, 2026, qualifies as excludable delay. Specifically, the Court finds that:

On October 31, 2025, Defendants Mohmed Ali ("Ali") and Majed Mahmoud ("Mahmoud") were arrested and on November 1, 2025, both were charged in a criminal complaint alleging violations of 18 U.S.C. § 924(h). On November 5, 2025, the Government filed an amended criminal complaint charging Ali, Mahmoud, and Ayob Nasser ("Nasser") with violations of 18 U.S.C. §§ 924(h) and 2339B. The Defendants all waived their right to a detention hearing and consented to remain in detention on November 10, 2025. *See* ECF Nos. 33 (Ali), 34 (Nasser), 35 (Mahmoud).

On November 12, 2025, Ali, Mahmoud, and Nasser were indicted with one count of conspiring to provide material support and resources to a designated foreign terrorist organization, namely ISIS, in violation of 18 U.S.C. § 2339B (Count One), and one count of conspiring to receive and transfer firearms and ammunition knowing and having reasonable cause to believe that the firearms and ammunition would be used to

2

commit a Federal crime of terrorism, in violation of 18 U.S.C. § 924(h) (Count Two). The Defendants were arraigned on November 17, 2025.

On November 6, 2025, the Government filed a Notice of Intent to Use Foreign Intelligence Act ("FISA") Information (ECF No. 24), and on November 17, 2025, Nasser filed a Motion to Disclose and Suppress FISA Materials (ECF No. 39), which Ali moved to join on November 19, 2025 (ECF No. 49), and which Mahmoud moved to join on November 20, 2025 (ECF No. 50). The Court approved the parties' stipulated order for sufficient time, until April 6, 2026, for the Government to respond to the Defendants' FISA-related motion, a response which will include certain classified documents for the Court's *in camera, ex parte* review. (ECF No. 55). The time between the Defendants' filing of the FISA-related motion and the Court's disposition of that motion are excluded from the time limits set forth in the Speedy Trial Act. *See* ECF No. 55, PageID.257-58; 18 U.S.C. § 3161(h)(1)(D).

The Government and the Defendants have also entered into a stipulated protective order to address discovery, which includes declassified but sensitive information. ECF No. 57.

3

On December 1, 2025, the Court entered a scheduling order setting trial for January 20, 2026; the final pretrial conference for January 5, 2026; the plea hearing/cut-off deadline for January 6, 2026; and a motions deadline of December 8, 2025. ECF No. 54.

On December 4, 2025, the Government filed a Notice Pursuant to 18 U.S.C. App. III (the Classified Information Procedures Act or "CIPA") to apprise the Court of CIPA's applicability to matters relating to classified information that may arise in connection with the case, both before and during trial. ECF No. 58. The motion also requested that the Court designate a Classified Information Security Officer ("CISO") to assist the Court (and court personnel) in the handling of any motions, pleadings, and orders related to classified information at issue in this prosecution.

The charges in this case resulted from an investigation by the Federal Bureau of Investigation ("FBI") that spanned over months and involved the Defendants and a number of co-conspirators and associates. The Government's evidence in this case is complex and voluminous, and includes, among other things:

4

- Evidence seized from numerous court-authorized search warrants, including for the Defendants' and their co-conspirators' homes, persons, vehicles, and online account information, and for a variety of electronic devices, including cellular telephones, computers, and other storage media. The electronic storage materials are voluminous.
- Records of meetings and communications between the Defendants or their other co-conspirators and certain FBI undercover personnel, such as Confidential Human Sources ("CHS"), Undercover Employees ("UCE"), and/or Online Covert Employees ("OCE"). The actual image, cover name, identifier, and/or online account name of any CHS, UCE, or OCE (or any other information that could lead to the identification of a CHS, UCE, or OCE) remains classified and is highly sensitive and will need to be pixilated and modulated in any unclassified format that will be produced to protect the identity of these individuals.
- Numerous reports, some of which involve national security information requiring redaction. This includes voluminous texts,

5

- writings, audio recordings, and other materials, which include statements and other material in the Arabic language.
- Potential expert witness testimony relating to, among other things, ISIS, ISIS propaganda, and firearms and ammunition.
- Recordings and other records of the Defendants' and others' interviews by law enforcement.

As a result, the Court finds that failure to grant the parties' requested continuance would unreasonably deny counsel for the Defendants and the Government reasonable time necessary for effective preparation, taking into account the exercise of due diligence, *see* 18 U.S.C. § 3161(h)(7)(iv), and/or would fail to recognize that it would be unreasonable to expect adequate preparation for the trial before the time limit otherwise established by the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(7)(B)(ii).

**IT IS THEREFORED ORDERED** that the time until August 5, 2026, shall constitute excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the Court finds that the ends of justice served by the granting of the continuance outweigh the best interests of the public and the Defendants in a speedy trial.

6

**IT IS FURTHER ORDERED** that this case be designated as a complex case pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) because the Court finds that the case is so unusual and so complex due to the number of defendants, the nature of the prosecution, and the existence of novel questions of fact or law, that it is unreasonable to expected adequate preparation for pretrial proceedings and for trial within the before the time limit otherwise established by the Speedy Trial Act. The Court also finds that a failure to grant a continuance would deny the parties reasonable time necessary for effective pretrial preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(iv).

**IT IS FURTHER ORDERED** that trial and the other pretrial deadlines set in ECF No. 54 are adjourned and reset as follows, including with the additional pretrial motions deadlines as stipulated by the parties:

- Government's CIPA Section 4 Motion Deadline – May 4, 2026
- Deadline for Other Pretrial Motions – June 1, 2026
- Plea Cut-Off – June 29, 2026
- Plea Hearing / Final Pretrial Conference – July 22, 2026, at 11:00 a.m.
- *Motion-in-Limine* Deadline – June 29, 2026
- Trial Date – August 5, 2026, at 8:30 a.m.

7

**SO ORDERED.**

Dated: December 15, 2025           s/Mark A. Goldsmith  
Detroit, Michigan                 MARK A. GOLDSMITH  
                                       United States District Judge